**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA**

X STRATEGIES, LLC,

Plaintiff,

v. CASE NO. 9:26-cv-81194-EA

DEREK UTLEY,
STARK DEFENSE INDUSTRIES INC., ANNA WEISHEIMER, and ANNA DICENZO FITNESS LLC.

Defendants.

__________________________/

**PLAINTIFF'S MOTION TO STRIKE PRELIMINARY STATEMENT AND FACTUAL BACKGROUND FROM DEFENDANTS' ANSWER**

Plaintiff, X Strategies, LLC ("X Strategies" or the "Company"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(f), respectfully moves to strike the immaterial, impertinent, and scandalous unnumbered "Preliminary Statement" and the "Factual Background" (paragraphs i through xxix) contained in the Corrected Answer, Affirmative Defenses & Counterclaim (the "Answer") filed by Defendants, Derek Utley ("Utley") and Stark Defense Industries Inc. ("Stark Industries") (collectively, "Defendants") on November 9, 2026 [ECF No. 20].[1] In support thereof, X Strategies states:

**INTRODUCTION**

This lawsuit is about Utley's theft of millions of dollars from X Strategies' bank account and his subsequent attempts to poach X Strategies' customers. Unable to defend against the allegations and evidence against him, Defendants filed an Answer replete with salacious,

[1] This motion also seeks to strike the original Answer, Affirmative Defenses & Counterclaim [ECF No. 18] from the record for the same reasons stated herein.

irrelevant, and entirely false accusations directed at Alex Bruesewitz, the CEO of X Strategies, who is not even a party to this action.

Defendants' Answer is nothing more than a political smear campaign masquerading as a court filing. Indeed, the first sixteen pages of the Answer have nothing to do with the claims before this Court or the parties to this lawsuit. They are devoted exclusively to harming non-party Mr. Bruesewitz's reputation through the publication of false and inflammatory allegations. Defendants are attempting to exploit the protections of litigation privilege to orchestrate a defamatory hit job against a non-party, and circulate those defamatory allegations to the media. This is an abuse of process.

Further, Defendants' allegations are demonstrably false. Critically, one of the principal sources identified in Utley's original answer[2] has repudiated the allegations attributed to him relating to the purported acceptance of foreign funds by Mr. Bruesewitz (the accusation which has been the primary focus of media attention). As set forth in the affidavit attached here as **Exhibit A**, he confirms that the allegations are completely false, that he has never made the statements Defendants attribute to him, and that he never even spoke with Utley or his counsel before they filed the Answer.

To set the record straight, Mr. Bruesewitz has <u>never</u> engaged in any of the misconduct insinuated throughout Defendants' Answer. There is no evidence whatsoever to support these accusations. These are fabricated allegations designed to distract from the serious claims pending against Utley and to generate negative headlines about various non-parties.

Federal courts are forums for the resolution of real disputes, not staging grounds for political attacks and character assassination. Rule 12(f) exists to prevent litigants from inserting scandalous, immaterial, and prejudicial matters into pleadings for strategic or publicity purposes.

---

[2] *See* page 11 of Defendants' original answer [ECF No. 18].

This Court should not permit its docket to become a safe harbor for Utley's attempts to publish false accusations against non-parties under the protective cover of litigation privilege. Defendants' actions undermine the integrity of these proceedings, waste judicial resources, and fall well below the standards expected of litigants and counsel practicing before this Court.

Accordingly, the Preliminary Statement and Factual Background of the Answer should be stricken in their entirety and redacted from the record.

## BACKGROUND

X Strategies filed its Complaint on September 18, 2026 [ECF No. 1], asserting claims arising from Utley's theft of Company funds, among other claims. Defendants filed an Answer, Affirmative Defenses & Counterclaim on November 9, 2026 [ECF No. 18], only to file a Notice of Striking and Withdrawing the Answer a few minutes later [ECF No. 19]. Defendants then filed a Corrected Answer later that same evening [ECF No. 20].

Notably, before responding to a single numbered allegation, the Answer presents an unnumbered Preliminary Statement and Factual Background consisting of paragraphs numbered i through xxix, organized under argumentative headings such as: "Bruesewitz's Misappropriation of PublicSquare Equity and Corporate Opportunities"; "Additional Undisclosed Compensation & Diversion of Business Opportunities"; "Michael Seifert's Involvement & the Complaint's Selective Financial Narrative"; "Bruesewitz's Foreign Relationships & Undisclosed Personal Benefits"; "Bruesewitz's Separate International Business Ventures"; and "The Complaint's Improper Purpose and Selective Accusations." The Answer then, in conclusory fashion, incorporates "the Factual Background set forth above" into every affirmative defense.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ.

P. 12(f). An allegation is "immaterial" if it has no essential or important relationship to the claim for relief. *See S.E.C. v. Lauer*, No. 03-80612-CIV, 2007 WL 1393917, at *2 (S.D. Fla. May 9, 2007). An allegation is "impertinent" if it is irrelevant to the issues and which are not properly an issue between the parties. *See Blake v. Batmasian*, 318 F.R.D. 698, 700 n.3 (S.D. Fla. Feb. 27, 2017). An allegation is "scandalous" if it "improperly casts a derogatory light on someone, most typically on a party to the action." *Gould v. Fla. Atl. Univ. Bd. of Trs*., 2011 WL 13227873, at *4 (S.D. Fla. Nov. 15, 2011). Further, motions to strike are appropriate where the allegation "unnecessarily reflects on the moral character of an individual." *Gould*, 2011 WL 13227873 at *4 ("Insinuations that improperly cast a derogatory light on a party have no place in proper pleadings and should be stricken.").

Indeed, courts have stricken preliminary statements from answers where such statements are argumentative narratives that are nothing more than personal attacks. *See Kinsman v. Winston*, No. 6:15–CV–696–ORL–22GJK, 2015 WL 12839267, at *8 (M.D. Fla. Sept. 15, 2015). As the court in *Kinsman* explained:

> **The un-numbered 16 1/2 page "Preliminary Statement" that precedes Mr. Winston's actual answer to the complaint is an argumentative, free-flowing narrative that attacks Ms. Kinsman and her version of events.** Frankly, it reads like a closing argument. It was obviously penned more for the consumption of the court of public opinion than for this Court and the other participants in this case. The Court cannot recall ever seeing such a remarkable and improper introduction to an answer. **Structurally and legally, it is not a part of Mr. Winston's answer and it has no place in his pleading. Accordingly, the Court will strike the "Preliminary Statement" and will require Mr. Winston to re-plead his answer in proper form.**

*See id.* (emphasis added). Defendants have provided the same false, improper, and unsupported narrative here through their Preliminary Statement and Factual Background, which should be stricken by this Court.

## ARGUMENT

The Preliminary Statement and Factual Background are not responses to the Complaint, as neither section admits or denies any allegation, which violates Federal Rule of Civil Procedure 8. *See* Fed. R. Civ. P. 8(b)(1) ("In responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party"). They constitute argument and irrelevant and salacious personal attacks against non-parties to this action, characterizing the action as "a marketing ploy masquerading as a federal lawsuit," leveling demonstrably false allegations against Mr. Bruesewitz and other non-parties, and closing with the saying that "those who live in glass houses should not throw stones."

Argument and personal attacks of this kind against non-parties (especially false ones) are impertinent on their face and warrant the Court striking both sections in their entirety. And each of the following categories of allegations detailed below is independently immaterial, impertinent, or scandalous. If left in the pleading, these allegations would cause real prejudice as such blatantly false and unsupported allegations would remain published on the public docket, inflicting reputational harm on X Strategies and its principals that no later ruling can undo.

**1. The Preliminary Statement**

The Preliminary Statement asserts that the Complaint "was then widely circulated to the press," and that the action is "a marketing ploy masquerading as a federal lawsuit," and that Mr. Bruesewitz "diverted business opportunities through separately controlled entities" and "participated in financial arrangements that were never adequately disclosed to Utley." Allegations about press coverage and supposed motive are immaterial to any claim or defense. Further, the allegations against Mr. Bruesewitz are simply false. The Preliminary Statement should be stricken.

**2. Paragraphs i-iv: Character Attacks**

Paragraphs i through iv accuse Mr. Bruesewitz of "Weaponiz[ing] the judicial process" and assert that "much of the misconduct the Complaint attributes to Utley mirrors conduct in which Bruesewitz himself engaged." Paragraph iv goes further, ridiculing the Complaint's reference to Mr. Bruesewitz's "religious faith through baptism" and his "invocation of his religious faith." Such ridicule bears no conceivable relationship to any claim or defense and is a clear example of scandalous matter. Paragraphs i through iv should be stricken.

**3. Paragraphs v-x: The PublicSquare Allegations**

Paragraphs v through x allege that Mr. Bruesewitz "misappropriat[ed] PublicSquare equity and a corporate opportunity," that equity "attributable to an opportunity developed through X Strategies" was to be "allocated equally," that Utley was misled about the allocation, and that Mr. Bruesewitz then "arranged to receive substantial compensation directly from PublicSquare" in place of the Company's retainer. These allegations are false, scandalous, and have nothing to do with this lawsuit. PublicSquare was an X Strategies client, and X Strategies was paid by PublicSquare for X Strategies' services. Separately, PublicSquare engaged Mr. Bruesewitz and Utley individually to provide advisory services: Mr. Bruesewitz advised on business strategy, and Utley was to help bring in investors. Those individual advisory services were different from the services X Strategies provided. The equity each person received was compensation for his respective individual services and was commensurate with the value PublicSquare felt each brought. Utley signed on and agreed to his arrangement. There was no "corporate opportunity" to divert, and no misrepresentation to Utley. These allegations serve no purpose and should be stricken.

Paragraph x is worse: it speculates that "the circumstances surrounding these transactions raise serious questions concerning the accuracy and completeness of the PublicSquare's public

filings" and its compliance "with applicable securities laws." Insinuating securities-law violations by a non-party company, without a single supporting fact, is scandalous. Paragraphs v through x should be stricken.

**4. Paragraphs xi-xii: The "Additional Undisclosed Compensation" Allegations**

Paragraphs xi through xii allege, "upon information and belief," that Mr. Bruesewitz entered a communications-services arrangement worth approximately $150,000 per year and retained compensation that "properly belonged to X Strategies." Such allegations are false, immaterial to this lawsuit, and are designed only to harm Mr. Bruesewitz's upstanding reputation. They should be stricken.

**5. Paragraphs xiii-xv: The Michael Seifert Allegations**

Paragraphs xiii through xv attack Michael Seifert, the Company's President, as an interested witness who "possessed direct knowledge" of the PublicSquare transactions. The predicate for this assertion, that the PublicSquare equity allocation was improper, is false for the reasons stated above. And paragraph xv's contention that any accounting "must consider" Mr. Bruesewitz's outside compensation is a legal argument, not a pleaded fact. These paragraphs should be stricken.

**6. Paragraphs xvi-xviii: The Fabricated Qatar Payment and FARA Speculation**

Paragraph xvii alleges, "upon information and belief," that Mr. Bruesewitz "received approximately $500,000 from individuals associated with Qatar in connection with an undisclosed business or consulting arrangement." That never happened. The allegation is a salacious fabrication designed to generate media headlines and harm Mr. Bruesewitz's upstanding reputation. The original answer sourced the allegation to Alex DeGrasse[3] who supposedly heard it

[3] Perhaps knowing their allegations were completely false and would be quickly refuted by their alleged source, Defendants filed a Corrected Answer omitting Mr. DeGrasse by name and referring to him only as an unnamed "political consultant."

from unnamed "individuals associated with Qatar." Paragraphs xvi and xviii then build on that fabrication. Mr. DeGrasse has unequivocally refuted these allegations and confirmed that he never even spoke to Utley or his counsel. *See* **Exhibit A.**

Accusing a non-party of acting as an unregistered foreign agent based on a payment that did not occur serves only to inflame and generate headlines. It has no relation to the claims in this lawsuit. Paragraphs xvi-xviii should be stricken.

**7. Paragraphs xix-xxi: The Honeymoon and the Terrorism-Financing Allegations**

Paragraphs xix through xxi are egregious. They describe Mr. Bruesewitz's honeymoon and his Instagram photographs, blindly assert that his honeymoon must have been funded through a quid pro quo, that Mr. Bruesewitz may have failed to report it as taxable income, and that Mr. Bruesewitz's honeymoon somehow ties him to terrorist activity.

The allegation and insinuation that Mr. Bruesewitz received honeymoon perks in exchange for access to government officials or that his honeymoon somehow connects him to terrorist activity are defamatory and false. No such quid pro quo ever occurred. Mr. Bruesewitz is not a party to these proceedings, and the inclusion of these baseless claims, which target both Mr. Bruesewitz and his wife, is particularly reprehensible. This is a scandalous matter in its purest form. Paragraphs xix through xxi should be stricken.

**8. Paragraphs xxii-xxv: The ABIH and Norleo Allegations**

Paragraphs xxii through xxv allege that non-party Mr. Bruesewitz and non-party ABIH LLC, pursued an advisory engagement with Norleo Investment Group; that Mr. Bruesewitz and Mr. Seifert used "unauthorized" email accounts to "conceal their activities from Utley"; that ABIH may have engaged in "unregistered brokerage activity" under the Securities Exchange Act; and that "calendar entries" reflect meetings between Mr. Bruesewitz and the Export-Import Bank of the United States raising FARA concerns.

These allegations are false. Mr. Bruesewitz has never had a business relationship with Norleo. Mr. Bruesewitz has at all times avoided any work that could be remotely misconstrued as granting access to U.S. government officials. The Export-Import Bank meeting Defendants describe never happened. Put simply, speculation about securities-registration and FARA violations by non-parties is immaterial to every claim and defense and is scandalous. Paragraphs xxii through xxv should be stricken.

**9. Paragraphs xxvi-xxix: Argument About the Complaint's Supposed "Improper Purpose"**

The closing paragraphs of the Factual Background characterize the Complaint as "particularly disingenuous," accuse Mr. Bruesewitz of using the litigation to "retaliate against a former business partner," and invoke the "glass houses" proverb. Allegations of non-party motives and rhetorical mottos are immaterial and impertinent. Paragraphs xxvi-xxix should be stricken.

**CONCLUSION**

For the reasons stated above, X Strategies respectfully requests that the Court enter an Order (1) striking the Preliminary Statement and the Factual Background (paragraphs i through xxix) of the Answer [ECF 20] and original answer [ECF 18] in their entirety; (2) redacting these allegations from the record completely; and (3) granting such relief as the Court deems just and proper.

**CERTIFICATION**

Pursuant to Southern District of Florida Local Rule 7.1(a)(3), X Strategies certifies that it attempted to confer with counsel for Defendants in good faith on the evening of November 11, 2026 at 10:31 PM requesting a response by the morning of November 12, 2026, due to the nature of the salacious allegations and the media attention the referenced non-parties are now receiving as a result. As of the time of filing, Defendants' Counsel has not responded to the request for

conferral and X Strategies considers the motion opposed. X Strategies will supplement this conferral to the extent that Defendants provide a position on the Motion.

Respectfully submitted,

*/s/ Paul J. Punzone*
Paul J. Punzone
Florida Bar No. 1003511
Paul.punzone@hkklaw.com
HOLLAND & KNIGHT LLP
100 N. Tampa Street, Ste 4100
Tampa, FL 33602
(813) 227-8500
(813) 229-0134 (fax)

Jordan N. Bittle
Florida Bar No. 1031464
jordan.bittle@hklaw.com
515 E. Las Olas Blvd., St. 1200
Fort Lauderdale, Florida 33301
Tel : (954) 525-1000