**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
Case No. 9:26-cv-81194-EA

X STRATEGIES, LLC

Plaintiff,

v.

DEREK UTLEY, STARK DEFENSE INDUSTRIES, INC., ANNA WEISHEIMER, & ANNA DICENZO FITNESS LLC,

Defendants.
_______________________________________/

**DEREK UTLEY'S UNOPPOSED MOTION TO FILE UNDER SEAL HIS DECLARATION IN SUPPORT OF HIS MOTION TO DISQUALIFY HOLLAND & KNIGHT**

Defendant Derek Utley respectfully moves, pursuant to Southern District of Florida Local Rule 5.4, for leave to file under seal his declaration in support of Defendants' Verified Motion to Disqualify Holland & Knight LLP (the "Declaration"), together with the exhibits attached to the Declaration. The Declaration recounts privileged attorney-client communications between Mr. Utley and his former Holland & Knight attorney, David Lisko, and it attaches an executed copy of a Confidential Settlement Agreement whose own terms require that it be kept confidential. Particularly sensitive privileged information is redacted within the sealed declaration.

**INTRODUCTION**

Local Rule 5.4(a) recognizes that this Court's proceedings are public and its filings are matters of public record "[u]nless otherwise provided by law, Court rule, or Court

order." That presumption of access is not absolute, however, and it yields where a party shows good cause that its legitimate interest in confidentiality outweighs the public's interest in access. *See Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1363 (11th Cir. 2021). This is such a case. The Declaration is necessary to support the pending disqualification motion, yet it cannot be prepared without disclosing (1) confidences Mr. Utley reposed in his former counsel in the course of an attorney-client relationship, and (2) the terms of a settlement agreement the parties expressly agreed to keep confidential. Sealing the Declaration — a narrowly drawn request limited to a single supporting filing — protects those interests while leaving the public docket, including the disqualification motion itself and this motion, fully available for public review.

**BACKGROUND**

1. Defendants Derek Utley and Stark Defense Industries, Inc. moved to disqualify their former attorneys Holland & Knight LLP as counsel for Plaintiff X Strategies LLC. D.E. 23. The disqualification motion is supported by Mr. Utley's Declaration, which the motion states "is being filed under seal."

2. The Declaration establishes the factual predicate for disqualification — that Holland & Knight previously represented Mr. Utley in personal and business matters both related and unrelated to X Strategies, that the firm drafted the settlement agreement at the heart of this dispute, and that it is now adverse to its former client. To make that showing, the Declaration necessarily discloses sensitive, non-public information.

3. Attorney-client privileged communications. The Declaration describes and attaches communications between Mr. Utley and his former Holland & Knight attorney, David Lisko, concerning personal matters unrelated to X Strategies and Holland & Knight's own analysis of the conflict of interest that would arise if it became adverse to Mr. Utley. The prior representation required the firm to defend Mr. Utley against certain claims and gave the firm access to private information about him. The Declaration also attaches an email chain Holland & Knight produced (dated March 31 through April 3, 2026).

4. The Confidential Settlement Agreement. The Declaration attaches an executed copy of the Confidential Settlement Agreement dated April 3, 2026, among Mr. Utley (individually and on behalf of Stark Defense Industries, Inc.) and Alexander Bruesewitz (individually and on behalf of The Bruz Corporation). Section 6.6 of that agreement provides that "[t]he existence of this Agreement and its terms and conditions shall be treated as confidential," and permits disclosure in limited circumstances, including when compelled by a tribunal (with prompt notice to the other party), as required by law, or as reasonably necessary to enforce the agreement. As part of their defense to this lawsuit, Utley and Stark Defense Industries seek to enforce the confidential settlement agreement drafted by Holland & Knight, which bars virtually the entire lawsuit.

5. Consistent with Local Rule 5.4(b)(1), this motion describes the proposed sealed material without revealing its substance, and the proposed sealed material is not filed with this motion.

**LEGAL STANDARD**

Pursuant to Local Rule 5.4(b)(1), a motion to file under seal must "set[] forth the factual and legal basis for departing from the policy that Court filings are public," must "describe[] the information or documents to be sealed … with as much particularity as possible, but without attaching or revealing the content of the proposed sealed material," and must "specify the proposed duration of the requested sealing." An order granting the motion "shall state the period of time that the sealed filing shall be sealed." L.R. 5.4(e)(1).

Material filed in connection with a substantive pretrial motion is a judicial record subject to the common-law right of access; a motion need not be dispositive to trigger that right, so long as it is "presented to the court to invoke its powers or affect its decisions." *Callahan*, 17 F.4th at 1362 (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007)). The right of access is nonetheless "not absolute" and may be overcome by a showing of good cause, which requires "balancing the asserted right of access against the other party's interest in keeping the information confidential." *Id*. at 1363 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978), and *Romero*, 480 F.3d at 1246). Courts weigh a non-exhaustive set of factors, including "whether allowing access would impair

court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.* (quoting *Romero*, 480 F.3d at 1246). The party seeking to seal bears the initial burden of showing good cause. *Id.* at 1363 n.2.

**ARGUMENT**

Good cause overcomes that presumption of access here, because sealing protects two distinct and legitimate confidentiality interests and no less onerous alternative would adequately protect them.

<u>I. Mr. Utley's attorney-client privileged communications are a legitimate interest that supports sealing.</u>

The Declaration discloses communications between Mr. Utley and his former Holland & Knight attorney, including communications concerning both personal and professional information about Utley. The good-cause balancing expressly accounts for "legitimate privacy interests," *id.* at 1363, and the confidentiality of attorney-client communications falls squarely within that category. The injury from public disclosure would be concrete and irreversible: once privileged communications and private financial and character information are placed on the public docket, the confidentiality they are entitled to is lost permanently. That harm is especially acute given that the

Complaint, while meritless, is a sprawling attack on Utley's character. Public access to this material would serve no legitimate public purpose and would expose Mr. Utley's private confidences to the very adversary — and former counsel — against whom disqualification is sought. These considerations weigh decisively in favor of sealing.

II. The Confidential Settlement Agreement is subject to a contractual confidentiality obligation that supplies independent good cause.

The Declaration attaches the executed Confidential Settlement Agreement, Section 6.6 of which provides that "[t]he existence of this Agreement and its terms and conditions shall be treated as confidential" and permits disclosure only in narrow, enumerated circumstances. A contractual confidentiality obligation of this kind furnishes independent good cause to seal. Courts applying the Eleventh Circuit's good-cause standard have recognized that "a company's interest in keeping the terms of confidential agreements private often outweigh[s] the interest in public access," reflecting "the strong interest in allowing parties to settle their disputes in private." *See Leslie v. Wells Fargo Bank, N.A.*, No. 1:22-CV-03983-ELR-JEM, 2023 WL 7169098, at *1–2 (N.D. Ga. Apr. 12, 2023) (quoting *Lee v. Ocwen Loan Servicing, LLC*, No. 1:14-CV-99-TCB-LTW, 2014 WL 12546415 (N.D. Ga. June 17, 2014)). On that basis, courts in this Circuit have granted leave to file confidential settlement agreements, and briefing quoting them, under seal. *Id.* at *2. Courts in this Circuit likewise seal confidential exhibits where the request is unopposed and redaction would make the materials difficult to read and consider. *See*

*Rebando v. CooperSurgical, Inc.*, No. 6:22-CV-177-CEM-LHP, 2024 WL 1299312, at *1 (M.D. Fla. Mar. 27, 2024). Although these decisions are persuasive rather than binding, they apply the controlling Eleventh Circuit framework, under which "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246 (citations omitted); *see Rebando*, 2024 WL 1299312, at *1.

Permitting the agreement to be filed on the public docket would defeat the confidentiality the parties bargained for and expose Mr. Utley to the loss of a contractual protection he cannot recover once disclosure occurs. The filing here, moreover, is one of the limited circumstances the agreement contemplates — a disclosure reasonably necessary in, and compelled by, a judicial proceeding — and Mr. Utley seeks to make it in the protective manner the agreement requires.

<u>III. No less onerous alternative would adequately protect these interests, and the request is narrowly tailored.</u>

The availability of a less onerous alternative is a factor in the balancing. *Callahan*, 17 F.4th at 1363. Local Rule 5.4(f)(1) permits a party, in lieu of sealing an exhibit, to file a redacted version omitting information the filer in good faith believes is sensitive, confidential, or private and irrelevant to the matter. Redaction is not an adequate substitute here. The privileged communications and the terms of the Confidential Settlement Agreement are not peripheral to the Declaration; they are its substance and

the very proof on which the disqualification motion depends. Redacting them would render the Declaration unintelligible and strip it of its evidentiary value. Sealing the Declaration and its exhibits is therefore the least restrictive means of protecting the interests at stake while preserving the Declaration's usefulness to the Court.

The request is also narrow. Mr. Utley does not seek to seal the disqualification motion, this motion, or any portion of the public docket — only the single supporting Declaration and its exhibits. The public will retain full access to the parties' arguments and to the Court's resolution of the disqualification motion.

IV. Plaintiff does not oppose the requested relief.

Plaintiff X Strategies LLC does not oppose this motion. A sealing request's unopposed posture reinforces the showing of good cause. *See Leslie*, 2023 WL 7169098, at *2. The absence of opposition confirms that no party contends the public interest in access outweighs the confidentiality interests the Declaration implicates.

**PROPOSED DURATION OF THE SEAL**

Consistent with Local Rule 5.4(b)(1) and (e)(1), Mr. Utley requests that the Declaration and its exhibits remain under seal through the final disposition of this action, including the resolution of any appeals, and thereafter until further order of the Court, given the enduring nature of the attorney-client privilege and the parties' continuing contractual confidentiality obligations. Mr. Utley does not object to any procedure the

Court directs for the handling, maintenance, or return of the sealed materials at the conclusion of the case.

**RELIEF REQUESTED**

For the foregoing reasons, Mr. Utley respectfully requests that the Court:

1. Grant this motion and permit Mr. Utley to file his Declaration in support of the Verified Motion to Disqualify Holland & Knight LLP, together with the exhibits attached to the Declaration (including the executed Confidential Settlement Agreement and the Holland & Knight email chain), under seal;

2. Order that the sealed materials remain under seal through the final disposition of this action and any appeals, and thereafter until further order of the Court; and

3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,



Matthew Sarelson, Esq.
Florida Bar 888281
**SARELSON & SAJDERA, PLLC**
Attorneys for Utley & Stark Defense
1601 Forum Place, Suite 202
West Palm Beach, Florida 33401
305.773.1952
matt.sarelson@ssxlaw.com
coral.sarelson@ssxlaw.com

**CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 7.1(a)(3), the Parties conferred and the Plaintiff has no objection to the relief sought.

Matt Sarelson

Matthew Sarelson, Esq.