**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA**

X STRATEGIES, LLC,

Plaintiff,

v. CASE NO. 9:26-cv-81194-EA

DEREK UTLEY,
STARK DEFENSE INDUSTRIES INC., ANNA WEISHEIMER, and ANNA DICENZO FITNESS LLC.

Defendants.

______________________________/

**PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT UTLEY'S COUNTERCLAIM**

Plaintiff, X Strategies, LLC ("X Strategies" or the "Company"), through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12, hereby files its Answer and Affirmative Defenses to the Counterclaim filed by Defendant, Derek Utley ("Utley"), on November 9, 2026 [ECF No. 20].

**ANSWER**

X Strategies answers each numbered Paragraph of Utley's Counterclaim, as follows:

**Parties**

1. Admitted.

2. Admitted.

**Jurisdiction and Venue**

3. Admitted for the purpose of jurisdiction only.

4. Admitted for the purpose of venue only.

**Factual Allegations**

5. The Employment Agreement speaks for itself.

6. Denied.

7. Denied.

8. X Strategies admits that Utley created a fake medical record, forged the signature of a practicing medical doctor, and then submitted it to X Strategies in an attempt to fraudulently get six (6) months paid medical leave. Radius TBI's Chief Operating Officer confirmed the medical record submitted to X Strategies by Utley was not given to Utley by Radius TBI, did not use Radius TBI's customary letterhead or format, and was not found in Radius TBI's system. A copy of the Radius TBI confirmation email is attached hereto as **Exhibit A**. Additionally, X Strategies contacted Radius TBI via phone, where Radius TBI also confirmed that they did not create the medical record. Utley failed to provide sufficient proof that the letter was otherwise a legitimate Radius TBI document or that Radius TBI was incorrect in disclaiming the letter's legitimacy. Otherwise, denied.

9. X Strategies admits that it terminated Utley for cause for creating a fake medical record, forging the signature of a practicing medical doctor, and then submitting it to X Strategies in an attempt to fraudulently get six (6) months paid medical leave in violation of the Employment Agreement. Otherwise, denied.

10. X Strategies is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in Paragraph 10 of Utley's Counterclaim and therefore denies same.

11. X Strategies is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in Paragraph 11 of Utley's Counterclaim and therefore denies same.

**COUNT I**
**BREACH OF THE EMPLOYMENT AGREEMENT**
**(Utley against X Strategies)**

12. X Strategies incorporates by reference its answers in response to Paragraphs 1 through 11 above, as though fully set forth herein.

13. The Employment Agreement speaks for itself.

14. Denied.

15. Denied.

16. Denied.

17. Denied that Utley is entitled to a jury trial. Pursuant to Section 16 of the Employment Agreement, Utley explicitly waived any "right to a trial by jury in any action or proceeding arising under, based upon, or related to this [Employment] Agreement."

WHEREFORE, X Strategies request judgment in its favor and against Utley, an award of costs, and any other relief this Court deems fair and just.

**GENERAL DENIAL**

All allegations in Utley's Counterclaim not expressly admitted herein are denied, as are all inferences that may be drawn therefrom.

**AFFIRMATIVE DEFENSES**

X Strategies alleges the following affirmative defenses to the relief sought in Utley's Counterclaim.

**First Affirmative Defense**

Utley's Counterclaim is barred because X Strategies terminated Utley for cause under the Employment Agreement for Utley's failure to diligently and professionally perform his job duties in adherence with professional or industry standards and his violations of X Strategies' policies or procedures, as set forth in further detail in the Complaint [ECF No. 1]. As just one example of Utley's unacceptable conduct, Utley created a fake medical record, forged the signature of a practicing medical doctor, and then submitted the fake medical record to X Strategies in an attempt to fraudulently get six (6) months paid medical leave. Radius TBI's Chief Operating Officer confirmed the medical record submitted to X Strategies by Utley (i) was not given to Utley by Radius TBI, (ii) did not use Radius TBI's customary letterhead or format, and (iii) was not found in Radius TBI's system. *See* **Exhibit A**.

**Second Affirmative Defense**

Utley's Counterclaim is barred because X Strategies has additional, independent grounds to terminate Utley for cause. During Utley's short tenure as an employee, he engaged in inappropriate workplace behavior, including

becoming increasingly aggressive and confrontational with other employees during the few times when he actually showed up to work. Utley's unpredictable temper and erratic behavior made other employees uncomfortable and concerned for their physical safety. Additionally, Utley rarely worked, failed to perform the tasks required of him, and exhibited extremely poor performance. These additional grounds constitute good cause for Utley's termination.

**Third Affirmative Defense**

Utley's Counterclaim is barred due to Utley's failure to perform the job duties and other obligations required of him under the Employment Agreement. Such failures were prior material breaches of the Employment Agreement. For example, Utley failed to comply with company policies and procedures, failed to maintain client relationships or solicit new clients for X Strategies, failed to promote a positive work environment, stole X Strategies' data and trade secrets, and failed to return X Strategies' property, among other things.

**Fourth Affirmative Defense**

Utley's Counterclaim is barred due to the doctrine of setoff/recoupment. Utley embezzled millions of dollars from X Strategies, stole company opportunities, and is engaged in unfair competition in violation of the Employment Agreement's non-solicitation clause, among other things. To the extent Utley is entitled to any recovery, that amount should be set-off by the amounts Utley stole and damages he has caused X Strategies.

## RESERVATIONS

X Strategies reserves the right to assert additional defenses to Utley's Counterclaim of which it becomes aware through discovery.

Respectfully submitted,

*/s/ Paul J. Punzone*

Paul Punzone
Florida Bar No. 1003511
Paul.punzone@hklaw.com
HOLLAND & KNIGHT LLP
100 N. Tampa Street, Ste 4100
Tampa, FL 33602
(813) 227-8500
(813) 229-0134 (fax)

Jordan N. Bittle
Florida Bar No. 1031464
jordan.bittle@hklaw.com
515 E. Las Olas Blvd., St. 1200
Fort Lauderdale, Florida 33301
Tel : (954) 525-1000