**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF FLORIDA**
**West Palm Beach Division**
Case No. 9:26-cv-81194-EA

X STRATEGIES LLC,

Plaintiff,
v.

DEREK UTLEY,
STARK DEFENSE INDUSTRIES, INC.,
ANNA WEISHEIMER, &
ANNA DICENZO FITNESS LLC,

Defendants.
_______________________________________/

**DEFENDANTS DEREK UTLEY & STARK DEFENSE INDUSTRIES, INC.'S RESPONSE IN OPPOSITION TO MOTION TO ADD THE AMENDED MOTION TO THE NOVEMBER 24, 2026 HEARING**

Defendants Derek Utley and Stark Defense Industries, Inc. ("Defendants") hereby file their response in opposition to Plaintiff's Motion for the Court to Hear Amended Motion for Preliminary Injunction at November 24, 2026 Hearing [D.E. 34] (the "Motion to Add").

## INTRODUCTION

Plaintiff asks the Court to add a newly filed, substantively different motion to a hearing set for the morning of Tuesday, November 24, 2026, at 11:30 a.m. [D.E. 30]. The sealed Motion to Add was served on Defendants' counsel on Friday, November 20, 2026, at 7:11 p.m., leaving Defendants one business day before the hearing.[1] The Amended Motion for Preliminary Injunction [D.E. 33] (the "Amended Motion") raises new issues based upon a newly filed Amended

[1] On Monday, November 23, 2026, Defendants' counsel has a one-day evidentiary hearing on Plaintiffs' Emergency Motion for a Preliminary Injunction before Judge Charlene Honeywell. *See Christian Ziegler v. City of Sarasota*, M.D. Fla. Case No. 25-2992. Counsel is fully prepared for the November 24, 2026 evidentiary hearing in this case but objects to a new, unrelated issue being added on extremely short notice.

Complaint. Defendants have insufficient time to review, investigate, and respond to those new allegations, and the Motion to Add should be denied.

## ARGUMENT

**A. The Amended Motion raises new issues that Defendants have had no meaningful opportunity to address.**

Plaintiff characterizes the Amended Motion as arising from "the same set of operative facts" as its original motion and as merely adding allegations. [D.E. 34 at 2.] Plaintiff's own description refutes that characterization. By Plaintiff's account, the Amended Motion rests on "previously unknown allegations" that Mr. Utley "had covertly stolen virtually all of X Strategies' trade secret information and confidential business information" and is using it to compete. *Id*. Those are new and serious accusations, raised in reliance on a newly filed Amended Complaint, that were not part of the Original Motion [D.E. 17] on which the November 24 hearing was set. Defendants cannot fairly be required to answer them within a single business day.

**B. Defendants received the Motion to Add on the eve of the hearing, and a response is not possible in the time provided.**

The Motion to Add was served on Defendants' counsel on Friday, November 20, 2026, at 7:11 p.m. The hearing is set for Tuesday, November 24, 2026, at 11:30 a.m. Defendants therefore have had one business day, Monday, November 23, to review the Amended Complaint and the Amended Motion, investigate the new allegations with their clients, gather and prepare any declarations or other evidence, research the law, and prepare a written response and argument. That is not sufficient time to respond to a motion seeking extraordinary preliminary injunctive relief premised on new factual allegations. Fairness and due process require that a party facing

such relief receive notice and a reasonable opportunity to be heard. *See* Fed. R. Civ. P. 65(a)(1) (a court "may issue a preliminary injunction only on notice to the adverse party").

**C. Judicial economy and Rule 65(b)(3) do not justify depriving Defendants of a fair opportunity to respond.**

Plaintiff invokes Federal Rule of Civil Procedure 1 and the "earliest possible time" language of Rule 65(b)(3). Neither supports Plaintiff's request. Rule 1 calls for the "just" determination of every action, and a determination is not just where the opposing party has been given no practical chance to respond. Rule 65(b)(3) addresses hearings on temporary restraining orders issued without notice; it does not permit a movant to compress the time an opposing party has to answer a new motion. Any urgency here is of Plaintiff's own making: by its own account, Plaintiff filed the Amended Motion only after the Original Motion was pending and the hearing was already set, and it served the Motion to Add late on a Friday evening. Plaintiff's timing should not be rewarded at Defendants' expense. Nor does the concern about duplicative proceedings outweigh Defendants' right to respond; the Court can proceed on November 24 on the Original Motion as scheduled, and can set the Amended Motion for a later hearing following a reasonable response period under the Local Rules.

Perhaps most importantly, X Strategies is claiming a last-minute emergency when there is none. On November 10, 2026, X Strategies was informed that Utley had hundreds of pages of emails between him (on his former X Strategies email account) and David Lisko, mostly concerning Utley's personal attorney-client relationship with Lisko. *See* Exhibit A. (Recall that Holland & Knight claims it was never counsel to Utley personally, notwithstanding dozens of emails proving otherwise). All of those emails were voluntarily returned to X Strategies with a

request they be preserved so that Utley can obtain them via a subpoena or court order. X Strategies chose to not inform the Court of this information.

Moreover, the Amended Motion accuses Utley of refusing to turn over log-in credentials for the X Strategies website. Yet again X Strategies fails to be candid with the Court. Utley has *repeatedly* transferred the website credentials to Micheal Seifert and X Strategies lead counsel has acknowledged it. Apparently X Strategies cannot figure out how to handle the transfer on its end. *See* Exhibit B. Plaintiff's technical deficiencies cannot form the basis of an emergency motion and its ongoing baseless attacks on Utley are inappropriate.

All of the issues raised in the Amended Motion for a Preliminary Injunction could have been addressed had X Strategies not refused to engage in any meaningful meet and confer process.

**CONCLUSION**

For these reasons, Defendants Derek Utley and Stark Defense Industries, Inc. respectfully request that the Court deny Plaintiff's Motion for the Court to Hear Amended Motion for Preliminary Injunction at November 24, 2026 Hearing [D.E. 34], decline to hear the Amended Motion [D.E. 33] on November 24, 2026, and afford Defendants a reasonable period to respond to the Amended Motion and the Amended Complaint before any hearing on them is set, together with such other relief as the Court deems just and proper.

Respectfully submitted,



Matthew Sarelson, Esq.
Florida Bar No. 888281
**SARELSON & SAJDERA, PLLC**
Attorneys for Defendants Derek Utley and Stark Defense Industries, Inc.
1601 Forum Place, Suite 202

West Palm Beach, Florida 33401
Telephone: (305) 773-1952
**matt.sarelson@ssxlaw.com**