**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF FLORIDA**
**West Palm Beach Division**
Case No. 9:26-cv-81194-EA

X STRATEGIES LLC,

Plaintiff,

v.

DEREK UTLEY,
STARK DEFENSE INDUSTRIES, INC.,
ANNA WEISHEIMER, &
ANNA DICENZO FITNESS LLC,

Defendants.
_______________________________________/

**DEFENDANTS DEREK UTLEY & STARK DEFENSE INDUSTRIES' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE ANSWER & CORRECTED ANSWER**

Defendants Derek Utley and Stark Defense Industries, Inc. ("Defendants") hereby file their response to Plaintiff's Motion to Strike Defendants' Answer and Corrected Answer [D.E. 22] (the "Motion to Strike"), and state that the Motion to Strike should be denied on the merits or as moot.

**ARGUMENT**

The Motion to Strike seeks to strike Defendants' Answer and Corrected Answer to Plaintiff's original Complaint. Since the Motion to Strike was filed, however, Plaintiff filed an Amended Complaint. It is well settled that an amended complaint supersedes the original complaint. *See Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006). Because the original pleading is no longer operative, a motion directed at the answer to that complaint is moot. *See Nelson v. Gualtieri*, No. 8:19-CV-449-T-36JSS, 2019 WL 13280389, *2 (M.D. Fla. July 23, 2019) ("Because Plaintiff's Motion to Strike is directed toward a pleading that has now been superseded, the Motion to Strike is moot."). But even on the merits, "[m]otions to

strike are considered a drastic remedy and are generally disfavored by the courts." *Id.* at *1. Defendants' detailed allegations concerning Plaintiff's unclean hands and misconduct are relevant to the pled affirmative defenses.

Because the original Complaint is a nullity, the responsive pleadings directed to it—the Answer and the Corrected Answer—are likewise legal nullities that have no continuing effect in this action. Defendants will respond to the Amended Complaint within the time provided by the Federal Rules of Civil Procedure. There is accordingly nothing left for the Court to strike, and the relief sought in the Motion to Strike cannot be granted in any meaningful way. The Motion to Strike should therefore be denied on the merits or denied as moot.

**CONCLUSION**

For these reasons, Defendants Derek Utley and Stark Defense Industries, Inc. respectfully request that the Court deny Plaintiff's Motion to Strike [D.E. 22] on the merits or as moot, together with such other relief as the Court deems just and proper.

Respectfully submitted,



Matthew Sarelson, Esq.
Florida Bar No. 888281
**SARELSON & SAJDERA, PLLC**
Attorneys for Defendants Derek Utley and Stark Defense Industries, Inc.
1601 Forum Place, Suite 202
West Palm Beach, Florida 33401
Telephone: (305) 773-1952
**matt.sarelson@ssxlaw.com**